### Rudolph Reuter, Plaintiff in Error, v. Fred A. Dolph et al. Fred A. Dolph, Defendant in Error.

### Gen. No. 22,187.

ALTERATION OF INSTRUMENTS, § 16*—*what constitutes material alteration of note releasing guarantor.* The addition to a note, originally payable in ninety days, of a power of attorney permitting a judgment to be confessed on the note at any time, before or after maturity, is a material alteration which releases one who, before the addition of the power, had indorsed upon the note a guarantee of its payment.

Error to the Municipal Court of Chicago; the Hon. HUGH J. KEARNS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1916. Affirmed. Opinion filed June 27, 1917.

WORTH ALLEN, for plaintiff in error.

---

Dolph, Gallagher & O'Connor, for defendant in error; F. L. Salisbury, of counsel.

Mr. Presiding Justice Goodwin delivered the opinion of the court.

Plaintiff in error, who was the plaintiff below, seeks to reverse a judgment in favor of the defendant in error, who was one of the defendants. The parties will hereafter be referred to as plaintiff and defendant. The record discloses that one Russell made a promissory note, payable to himself, for $500, which he indorsed in blank, and upon the back of which defendant placed the following guaranty: "For value I guarantee the within note. Fred A. Dolph." After the delivery of this note to the plaintiff, there was attached to it a power of attorney executed by the maker giving authority to confess judgment at any time in favor of the holder of the note for the amount due, together with $20 attorney's fees. Upon this statement of facts the court entered judgment in favor of the defendant guarantor.

For the plaintiff in error it is contended that the power of attorney was not strictly a part of the note, and did not purport to be a part of it; that it merely gave the owner added security, and did not in any way affect the guarantor. A material alteration in a note discharges a guarantor, and section 124 of our Negotiable Instruments Act (J. & A. ¶ 7764) declares that any alteration which changes the date, the sum payable, or the time or place of payment, or which alters the effect of the instrument in any respect, is a material alteration. Upon a careful consideration of the question presented, we are constrained to hold that the addition of the power of attorney did materially alter the effect of the instrument, which by its terms was originally payable in ninety days, and upon which no action could be brought by the holder until the expiration of that time. The power of at-

torney permitted a judgment to be confessed upon the note at any time, before or after maturity. In addition to this, the definite date of payment in an ordinary note gives the maker, for the time being, security from any demand by the holder, and allows him time within which to arrange his affairs in such a way as to meet the note when due. The maker of a judgment note obviously enjoys no such security. It might very well be that one would be willing to guarantee the payment of a demand due at a definite time in the future, where the maker was secured from any harassment in the meantime, but would be very reluctant to guarantee an obligation which empowered the holder to embarass the maker with threats of judgment prior to the maturity of the obligation. It is for the guarantor and not for the courts to say what sort of an obligation he is willing to guarantee, and it is idle for them to speculate upon the question as to which sort of an obligation would subject him to the greater risk. If an obligation is materially altered, it is a perfect defense, since it is no longer the obligation which he guaranteed. The judgment of the Municipal Court is affirmed.

*Affirmed.*